IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CR-103-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| RODRIGO BUSTAMANTE-MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the government's appeal of an October 26, 2015, order by Magistrate Judge James E. Gates denying the government's motion for detention and setting conditions of release, which appeal the court construes as a motion for revocation of the order, pursuant to 18 U.S.C. § 3145(a). (DE 18). On October 26, 2015, this court stayed the magistrate judge's order setting conditions of release pending the court's expedited consideration of the appeal.

Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the attorney for the government may file with the district court a motion for revocation of the order. 18 U.S.C. § 3145(a). The district court should conduct a de novo review of the decision by the magistrate judge. United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985); United States v. Ramey, 602 F. Supp. 821, 822-24 (E.D.N.C. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333-34. The court may conduct a further evidentiary hearing if it is necessary or desirable in carrying out the review. See id., at 333; see also United

States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990) (district court has discretion on whether to conduct a further evidentiary hearing); United States v. Delker, 757 F.2d 1390, 1393-94 (3rd Cir. 1985); United States v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985) (same).

Upon thorough review of the government's motion for pretrial detention; the magistrate judge's order of release; the magistrate judge's order on stay of release; the pretrial report prepared by the United States Probation Office; the instant motion; and, the matters made a part of the record in this case, including a recording of the detention hearing, the court finds correct the magistrate judge's decision to deny the motion for pretrial detention and to release defendant on conditions of release.

In determining whether there are conditions of release, pursuant to § 3142(c), that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In this case, the government contends that defendant poses a significant risk of flight and danger to the community, due to his previous history of alcohol consumption, possession of firearms, domestic violence, and unlawful immigration status. While the court is mindful of the

arguments and evidence presented regarding the circumstances of the 2013 domestic violence and firearms incident in this case, the court finds compelling the factors favoring release in this case, coupled with the strict conditions stated in the release order. In particular, the court notes defendant's significant history of employment back to at least 1999; defendant's possession of a United States work permit; defendant's pursuit of legal process to obtain legal status and his approval for a green card; his lack of significant or lengthy history of criminal conduct, with the 2013 domestic violence and firearms incident standing out as an aberration; and his presence in the community for 19 years. In addition to these factors, the court considers significant the carefully crafted and specific conditions of release, as set forth in the order setting conditions of release.

In sum, the government has failed to demonstrate that there is no condition or combination of conditions that would assure defendant's appearance and the safety of the community. The court finds correct the magistrate judge's determination that there are conditions that it can impose to reasonably ensure defendant's appearance as required and safety of persons in community pending trial.

## CONCLUSION

Based on the foregoing, the court DENIES the government's appeal, construed as a motion for revocation, and the court AFFIRMS the magistrate judge's order denying detention and releasing defendant on conditions of release. The court hereby ORDERS release of the defendant pending trial on the terms set forth in the magistrate judge's October 26, 2015, order setting conditions of release, which the court expressly incorporates herein. In so holding, the court dispenses with hearing and oral argument on the motion because the facts and legal contentions are adequately

3

presented in the materials before this court and hearing and argument would not aid the decisional process.

SO ORDERED, this 30th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge