IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-00103-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| RODRIGO BUSTAMANTE-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the following pre-trial motions filed by Defendant Rodrigo Bustamante-Martinez ("Defendant"): (1) Motion for Production of Rule 404(b) Evidence [DE-31]; (2) Motion to Sequester the Government's Witnesses [DE-32]; (3) Motion for Favorable Evidence and Incorporated Memorandum of Law (*Brady* Motion) [DE-34]; and (4) Motion for Production of *Jencks* Material [DE-37]. The Government filed individual responses in opposition to Defendant's motions. [DE-40, -41, -43, -44]. Accordingly, the motions are ripe for ruling. For the reasons that follow, Defendant's Motion for Production of Rule 404(b) Evidence is allowed in part and denied in part, Defendant's Motion to Sequester is allowed, Defendant's Motion for *Brady* Material is allowed, and Defendant's Motion for *Jencks* Material is denied.

## I. STATEMENT OF THE CASE

On April 8, 2015, Defendant was charged by indictment with one count of being an illegal and unlawful alien in possession of firearms in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2) ("Count One"). [DE-1]. Defendant was arraigned on October 27, 2015, and entered a plea of Not Guilty as to Count One. [DE-23]. Defendant's trial date has been continued and will be reset after resolution of the currently-pending motions to suppress. Feb. 12, 2016 Text Order.

## II. DISCUSSION

### A. Motion for Production of Rule 404(b) Evidence [DE-31]

Defendant requests that the Government provide notice of any evidence it intends to introduce against Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence. Def.'s Mot. [DE-31]. Specifically, Defendant notes that he has not received any evidence during the discovery period designated as Rule 404(b) evidence, and if all Rule 404(b) evidence has already been provided, "the Defendant hereby requests that the [G]overnment identify what constitutes said evidence; state in writing that all such material has, in fact, been produced for inspection and copying by the Defendant and that no other 404(b) material exists to be introduced at trial by the [G]overnment." *Id.* at 2. Defendant also seeks "the name and address of each such witness who will testify relating to the specific evidence within the provisions of Rule 404(b) and/or a description of the conduct which the government intends to introduce in this regard." *Id.* In response, the Government asserts that it has provided all discoverable information to Defendant and does not intend to use any Rule 404(b) evidence in its case-in-chief. Gov't's Resp. [DE-41] at 1. However, the Government asserts that should Defendant testify and deny possessing firearms, it intends to cross-examine Defendant about a 1999 shooting incident involving Defendant.[1] *Id.* at 2.

In a criminal case, Rule 404(b) requires that upon request by the accused, the prosecution must "provide reasonable notice of the general nature of any [Rule 404(b)] evidence" it intends to introduce at trial and "do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2). "The rule does not, however, entitle the defendant to

---

[1] The admissibility of this specific evidence is not properly before the undersigned and instead should be presented to the trial court in the form of a motion in limine.

2

the discovery of the 404(b) evidence itself." *United States v. Ross-Varner*, No. 5:14-CR-00206-F-6, 2015 WL 1612045, at *10 (E.D.N.C. Apr. 9, 2015) (unpublished) (citing *United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (noting that Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence")).

Here, Defendant requests not only the general nature of any Rule 404(b) evidence, but the evidence itself, and the names and addresses of Government witnesses that will testify as to such evidence. Def.'s Mot. [DE-31]. To the extent Defendant requests notice of the general nature of any Rule 404(b) evidence the Government intends to introduce at trial, Defendant's request is allowed and this notice shall be provided at least one week (seven days) prior to trial. *See United States v. Renteria*, No. 7:12-CR-37-FA-10, 2014 WL 2616630, at *4 (E.D.N.C. June 12, 2014) (unpublished) ("Even where the charges are serious, providing 404(b) notice one week prior to trial may be sufficient.") (citing *Graham*, 468 F. Supp. 2d at 802; *United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717720, at *1 (E.D.N.C. Mar. 17, 2008) (unpublished)). To the extent Defendant seeks the specific evidence on which the Government will rely, he is not entitled to discovery of the evidence itself, but only to "notice of the general nature of any such evidence" under the rule. Fed. R. Evid. 404(b)(2)(A); *Graham*, 468 F. Supp. 2d at 802. Defendant's request that the Government disclose any witnesses that will testify as to the 404(b) evidence is likewise denied, because it is beyond the scope of the rule. *See Graham*, 468 F. Supp. 2d at 802 ("Nothing in Rule 404(b) requires the government to identity the witnesses who will testify about the Rule 404(b) evidence or the tangible evidence upon which the government may rely to introduce the Rule 404(b) evidence."). Accordingly, Defendant's motion for production of Rule 404(b) evidence is allowed in part and denied in part.

3

### B. Motion to Sequester the Government's Witnesses [DE-32]

Defendant seeks a court order sequestering all Government witnesses during the trial. Def.'s Mot. [DE-32]. The Government responds that it does not object to Defendant's motion to sequester, and asks that Defendant's witnesses likewise be sequestered during the trial. Gov't's Resp. [DE-40]. The Government also requests permission to designate two (2) agents from the Department of Homeland Security to remain in the courtroom during the trial, based on the agents' substantial involvement in the case. *Id.*

Rule 615 of the Federal Rules of Evidence provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Thus, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) (en banc) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (quotations and citations omitted). Excepted from sequestration are (1) the parties themselves, (2) the designated representative of an entity, (3) a person whose presence is shown by a party to be essential to the presentation of the case, or (4) a person authorized by statute to be present. Fed. R. Evid. 615(a)-(d). A government investigative agent falls within the second exception, even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 WL 167454, at *2 (E.D.N.C. Jan. 18, 2007) (unpublished) (denying the government's request to exempt from sequestration agents from three different government agencies

4

who jointly conducted the investigation). Accordingly, Defendant's motion to sequester is allowed with the exception of one case agent designated by the Government, and the Government's request to sequester is allowed with the exception of the Defendant himself.

## C. Motion for *Brady* Material [DE-34]

Defendant moves for an order requiring the Government to produce all favorable evidence which may have an impact upon Defendant's guilt, innocence, or punishment, including statements, photographs, videos, reports, and any other evidence. Def.'s Mot. [DE-34]. In response, the Government states that it has already provided all discoverable material in its possession to Defendant and it will continue to provide any discoverable material obtained in the future pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure and Local Criminal Rule 16.1(e). Gov't's Resp. [DE-44].

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, "the government is required to disclose evidence that is both favorable to an accused and material to either guilt or punishment." *United States v. Newby*, 251 F.R.D. 188, 190 (E.D.N.C. 2008) (internal quotations and citations omitted). This requirement includes the disclosure of evidence that could potentially be used to impeach or discredit a government witness, *Giglio*, 405 U.S. at 154, encompassing all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses and the criminal records of witnesses, *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of a defendant's right to due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527,

5

532 (4th Cir. 1985) (citation omitted).

Defendant's request for *Brady/Giglio* material is allowed. To the extent the Government either possesses or discovers *Brady/Giglio* material that has not already been produced, it must produce such material to Defendant no later than seven days (one week) prior to trial. *See United States v. Mayhew*, No. 5:13-CR-199-F-2, 2014 WL 185881, at *1 (E.D.N.C. Jan. 16, 2014) (unpublished) (ordering disclosure of *Brady* and *Giglio* evidence seven days prior to trial).

**D.     Motion for Production of *Jencks* Material [DE-37]**

Defendant seeks a court order requiring the Government to produce statements of all witnesses that relate to the subject matter about which the witnesses will testify at trial, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. Def.'s Mot. [DE-37]. Defendant further argues that he does not believe that all statements and summaries of statements have been produced, and many of the statements already produced "have been redacted to the extent that they are not capable of analysis or otherwise make no sense." *Id.* at 3. In response, the Government argues that it has provided Defendant with all *Jencks* materials in its possession at this time even though the Defendant is not entitled to such material until after the witness has testified, and the provided materials have not been redacted. Gov't's Resp. [DE-43]. The Government also states that any additional *Jencks* material received by the Government will be produced to the Defendant at the earliest possible opportunity. *Id.*

The Fourth Circuit has held that the Government is not required to produce Jencks Act material relating to a witness until after that witness has testified. *United States v. Lewis*, 35 F.3d 148 (4th Cir. 1994). Accordingly, Defendant's motion for production of Jencks Act material is denied.

6

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Production of Rule 404(b) Evidence [DE-31] is ALLOWED IN PART and DENIED IN PART, Motion to Sequester [DE-32] is ALLOWED, Motion for *Brady* Material [DE-34] is ALLOWED, and Motion for *Jencks* Material [DE-37] is DENIED.

SO ORDERED, this the 11 day of April 2016.

Robert B. Jones, Jr.
United States Magistrate Judge