IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CR-103-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RODRIGO BUSTAMANTE-MARTINEZ, )<br>)<br>Defendant. ) | **ORDER** |

This matter comes before the court to address the Motion in Limine filed by the Government on July 22, 2016 to exclude certain evidence under Rule 403 of the Federal Rules of Evidence. [DE-66]. Defendant Rodrigo Bustamante-Martinez ("Defendant") did not respond to the Government's motion, and the time for filing a response has expired. Accordingly, this matter is ripe for review and has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the Government's motion is granted.

## I. BACKGROUND

On April 8, 2015, a Grand Jury sitting in the Eastern District of North Carolina charged Defendant by Indictment with one count of being an illegal and unlawful alien in possession of firearms in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). [DE-1]. Defendant was arraigned on October 27, 2015, and entered a plea of Not Guilty. [DE-23]. Defendant's trial is scheduled for October 17, 2016. July 22, 2016 Notice of Hr'g [DE-65].

## II. DISCUSSION

The Government seeks to exclude from trial pursuant to Rule 403 any mention of Defendant's immigration status, pendency of immigration applications, and immigration consequences of a criminal conviction. Gov't's Mot. [DE-66] at 1. Specifically, the Government

wishes to preclude the defense from suggesting that any pending immigration application or work permit legalized Defendant's presence for purposes of 18 U.S.C. § 922(g)(5)(A); that Defendant could adjust his immigration status through a family member; or that because Defendant is in removal proceedings only an immigration judge has jurisdiction consider whether he is an alien. *Id.* at 4-5. The Government argues that such information lacks probative value and is substantially outweighed by a danger of unfair prejudice, confusion of the issues, and may mislead the jury. *Id.* at 5.

Relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence[,]" and "the fact is of consequence in determining the action." F. R. Evid. 401. Relevant evidence is admissible, except as provided by other rules of evidence or other law. F. R. Evid. 402. The "basic standard of relevance . . . is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). Pursuant to Rule 403, relevant evidence may be excluded if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F. R. Evid. 403. "[T]he balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (citing *United States v. Terzado-Madruga*, 879 F.3d 1099, 1117 (11th Cir. 1990)).

The Government argues that it expects the defense to call an immigration attorney to testify about Defendant's "applications to legalize his immigration status, efforts to prevent deportation, issuance of a work permit, and eligibility to get a green card" pending the outcome of this case, in addition to deportation consequences of a guilty verdict. Gov't's Mot. [DE-66] at 4. However, the Government also argues that Defendant's unlawful or illegal status persists until an application for

2

adjustment of that status is approved, pending removal proceedings do not impact Defendant's alien status, and any employment authorization only goes to Defendant's ability to work and not his alien status. *Id.* at 3-4 (citing *United States v. Al Sabahi*, No. 4:11-CR-56, 2011 U.S. Dist. LEXIS 98107, at *3 (E.D.N.C. Aug. 30, 2011) (unpublished) (quoting *United States v. Elrawy*, 448 F.3d 309, 314 (5th Cir. 2006) & citing *United States v. Ochoa-Colchado*, 521 F.3d 1292, 1294-98 (10th Cir. 2008); *United States v. Latu*, 479 F.3d 1153, 1158-59 (9th Cir. 2007); *United States v. Bazargan*, 992. F.2d 844, 848 (8th Cir. 1993)), *aff'd* 719 F.3d 305 (4th Cir. 2013); *United States v. Atandi*, 376 F.3d 1186, 1188-89 (10th Cir. 2004); *United States v. Lucio*, 428 F.3d 519, 526 (5th Cir. 2005)). As Defendant did not respond to the instant motion, no relevant purpose for introducing evidence of his immigration status, effort to prevent deportation, issuance of a work permit, and eligibility to obtain a green card has been proffered. However, even if a relevant purpose did exist, the undersigned determines that it would be substantially outweighed by the risk of confusion of the issues or misleading the jury such that it should be excluded pursuant to Rule 403. As to any potential immigration consequences related to a guilty verdict, any probative value as to Defendant's guilt or innocence is again substantially outweighed by the risk of confusion of the issues or misleading the jury and this evidence should also be excluded pursuant to Rule 403. *See United States v. Stewart*, No. 5:14-CR-90-FL, 2014 WL 4978502, at *2 (E.D.N.C. Oct. 6, 2014) (unpublished) (granting a motion in limine to exclude evidence of any potential sentence, holding that if there was a relevant purpose for that evidence, such purpose would be substantially outweighed by the risk of the negative considerations in Rule 403).

3

## III. CONCLUSION

For the reasons set forth above, the Government's Motion in Limine [DE-66] is GRANTED.

SO ORDERED, the 7 day of October 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

4

Case 5:15-cr-00103-FL Document 72 Filed 10/07/16 Page 4 of 4